**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cherylann Hargis, | No. CV-15-01340-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commission of Social Security, | |
| Defendant. | |

Plaintiff Cherylann Hargis seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision is affirmed.

**I. Background**

Hargis is a 54 year-old female and has completed one year of college. (Doc. 10 at 2.) She previously worked as an orthodontic technician and suffers from postlaminectomy syndrome, depression, and leg pain. (*Id.*) Hargis applied for Social Security Disability Benefits on May 6, 2012, alleging disability beginning on June 7, 2011. (A.R. 20.) On June 2, 2014, she appeared with her attorney and testified at a hearing before an ALJ. (*Id.*) A vocational expert ("VE") also testified. (*Id.*)

On August 19, 2014, the ALJ issued a decision that Hargis was not disabled within the meaning of the Social Security Act. (*Id.* at 17.) The Appeals Council denied Hargis' request for review of the hearing decision, making the ALJ's decision the final agency decision. On July 16, 2015, Hargis sought review by this Court.

## II. Standard of Review

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## III. Five-Step Sequential Evaluation Process

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of

impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Hargis meets the insured status requirements of the Social Security Act through December 31, 2016, and that she has not engaged in substantial gainful activity since June 7, 2011. (A.R. 22.) At step two, the ALJ found that Hargis has the following severe impairment: postlaiminectomy syndrome. (*Id.*) At step three, the ALJ determined that Hargis does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404.

At step four, the ALJ found that Hargis has the RFC to perform "light work as defined in 20 CFR 404.1567(b) except that she can only occasionally climb ramps and stairs; never climb ladders and scaffolds; occasionally stoop, kneel, crouch, and crawl; and can have frequent exposure to unprotected heights and moving mechanical parts." (*Id.* at 25.) The ALJ concluded that Hargis is able to perform her past relevant work as an orthodontic technician, and therefore the ALJ did not address step-five. (*Id.* at 30.)

**IV. Analysis**

Hargis argues the ALJ erred by: (1) determining that Hargis could perform her past work, (2) discounting the opinion of Hargis' treating physician, and (3) incorrectly discounting Hargis' credibility. (Doc. 10 at 12, 14, 17.) The Court will address each argument in turn.

    **A. The ALJ Did Not Err at Step Four**

Hargis argues that the ALJ erred in concluding that she could perform her past work as an orthodontic technician as it is generally performed in the national economy. "At step four of the analysis, the claimant has the burden to prove that [she] cannot perform [her] prior relevant work either as actually performed or as generally performed." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (internal quotation marks omitted).

The ALJ concluded that Hargis can "occasionally stoop," which Hargis does not dispute. (A.R. 25.) Hargis described her past work as requiring frequent stooping, up to six hours a day. (*Id.* at 175.) Thus, she asserts she cannot perform the job as she actually performed it because it requires more "stooping" than indicated by her RFC. But the ALJ did not find that Hargis can perform her past work as actually performed, she found that Hargis could work as an orthodontic technician as it is generally performed in the national economy. (*Id.* at 30.) Indeed, "the best source for how a job is generally performed, . . . the Dictionary of Occupational Titles," *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001), indicates that no stooping is required to work as an orthodontic technician, U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991) 712.381-030, *available at* 1991 WL 679225 ("Stooping: Not Present"). The Court finds no error in the ALJ's step four determination that Hargis can perform her past relevant work.

## B.  The ALJ Did Not Err in Weighing Medical Source Evidence

Hargis argues the ALJ erred in discounting the opinion of her treating physician, Dr. Leo Kahn. (Doc. 10 at 14.) She also claims the ALJ failed to find any medical opinions credible. The Court disagrees.

### 1. Legal Standard

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v.*

*Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, more weight should be given to the opinion of a treating physician than to the opinions of non-treating physicians.  *Id.*  A treating physician's opinion is afforded great weight because such physicians are "employed to cure and [have] a greater opportunity to observe and know the patient as an individual."  *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).  Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record.  *Lester*, 81 F.3d at 830.  Moreover, the Commissioner must give weight to the treating physician's subjective judgments in addition to his clinical findings and interpretation of test results.  *Id.* at 832-33.

### 2. Dr. Leo Kahn

Dr. Kahn's opinion was contradicted by Dr. Michael Alberti, who assessed less severe physical limitations.  Therefore, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Kahn's opinions.  *See id.* at 830.  The ALJ assigned little weight to the opinions of Dr. Kahn for several reasons:  (1) Hargis only visits Dr. Kahn three times a year, which diminishes the weight of his opinions as to her limitations; (2) the opinions are supported by little objective medical evidence; (3) some of the opinions were rendered prior to Hargis' completion of physical therapy, during which her physical condition improved; (4) the December 2011 Work Capacities Limitations Questionnaire is a checklist-style form that contains only conclusions without any supporting rationale; (5) the May 2014 Residual Functional Capacity Form is inconsistent with Dr. Kahn's own treatment records, which document little need for pain alleviation and mild findings, and (6) the opinions are inconsistent with Hargis' described activities of daily living.  (A.R. 30.)  Hargis disputes the ALJ's conclusion that Dr. Kahn's opinions are supported by little objective medical evidence in the record.

In support of Hargis' claim, Dr. Kahn submitted two medical source opinions.

The first, a Work Capacities and Limitations Questionnaire dated December 2, 2011, is a checklist-style form that contains no objective clinical findings in support of the suggested limitations.  (*Id.* at 376-78.)  Moreover, the ALJ noted that the opinion was rendered prior to completion of Hargis' physical therapy, which improved her condition.  (*Id.* at 30 ("[T]his checklist-style form appears to have been completed as an accommodation to the claimant and includes only conclusions regarding functional limitations without any rationale for those conclusions."))  The second opinion is a Residual Functional Capacity Form dated May 8, 2014, wherein Dr. Kahn concluded that Hargis could not return to work.  (*Id.* at 366-71.)  He cited two clinical findings:  (1) "left L5 weakness and sensory loss," and (2) "MRI demonstrates chronic L5 scarring."  (*Id.* at 366.)  But the MRI on which Dr. Kahn relied showed only "stable mild enhancing epidural scar tissue and mild perineural scar tissue surrounding the proximal left L5 nerve root."  (*Id.* at 372-73.)  And Dr. Kahn's own treatment notes made prior to the statement indicate that Hargis' pain had "considerably improved," (*Id.* at 292 (November 14, 2011 treatment notes)), and is "overall . . . doing well," (*Id.* at 321 (July 30, 2012 treatment notes)).  Hargis points to no evidence or treatment notes that indicate her condition progressively worsened by May 2014.  Thus, the ALJ's conclusion that Dr. Kahn's opinions were supported by little evidence is sound.[1]

Hargis does not challenge the other reasons cited by the ALJ for discounting Dr. Kahn's opinions.[2]  The Court finds the ALJ provided specific and legitimate reasons supported by substantial evidence in the record.  *See Lester*, 81 F.3d at 830.

### C.  The ALJ Did Not Err in Evaluating Hargis' Credibility

Hargis argues the ALJ improperly discounted her testimony regarding the severity of her symptoms.  In evaluating the credibility of a claimant's testimony regarding

---

[1] Hargis argues that the ALJ "failed to substitute Dr. Kahn's opinion for anyone else's."  (Doc. 10 at 16.)  But the ALJ expressly gave great weight to the State consulting physicians and based the RFC on those opinions.  (A.R. 28.)

[2] The Court does not address issues not raised by the party challenging the ALJ's decision.  *See Lewis*, 236 F.3d at 517 n.13.

subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Hargis testified that she had back surgery in 2000. (A.R. 45.) She worked as an orthodontic assistant or technician until 2011. (*Id.* at 44-46.) She left that job because she had to take narcotics for her back pain to make it through the day. (*Id.* at 45.) She testified that her pain level is high and that she has to take pain medication to sleep. (*Id.* at 47.) She wakes up three to five times per night and has to "walk-off the pain." (*Id.*) She stated that sometimes her pain is at a level of 9 out of 10, and sometimes it is a 3 out of 10. (*Id.*) In terms of her activities of daily living, Hargis testified that she does things around the house and "runs an errand or two," but sometimes she does nothing due to her pain. (*Id.* at 48.) She defined doing "nothing" as lying in bed most of the day, but sometimes being able to clean the bathroom, which requires breaks. (*Id.*) She testified that she could stand for "maybe 15 to 20 minutes" at a time, stand with "swaying" for 30 to 45 minutes, sit for 30 to 45 minutes at a time, lift less than 10 pounds, and that the only time she is not in pain is when she is in water. (*Id.* at 50.) She gets in her pool three times a week, goes grocery shopping without difficulty, but cannot vacuum very well. (*Id.* at 51.) She also prepares microwave meals for her and her husband. (*Id.*)

The ALJ found Hargis' testimony regarding the severity of her symptoms not fully credible because it was (1) inconsistent with her described daily activities of living, (2) inconsistent with her medical history, and (3) the record indicated that her symptoms

improved with treatment. (*Id.* at 27-28.) Hargis argues that her testimony regarding her daily activities is not inconsistent with her symptoms because she has "to take breaks over the course of the day and the activities took her longer than she was used to," the ALJ failed to "note that the meals [she] was preparing were simple meals like sandwiches," and the ALJ failed to mention that "it took [Hargis] four hours to clean a bathroom." (Doc. 10 at 18-19.) She claims these minimal activities are not transferable to the workplace.[3] Hargis' position is unpersuasive.

"[W]hether the claimant engaged in daily activities inconsistent with the alleged symptoms" is relevant to a claimant's credibility. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Id.* at 1113. The ALJ found that Hargis maintains "a somewhat normal level of daily activity," which included grocery shopping, doing household chores, taking short trips around town to run errands, and completing her personal care activities. (A.R. 27.) Although Hargis requires extra breaks or faces added difficulty due to her pain, the ALJ reasonably concluded that Hargis' testimony was inconsistent with her claim that her pain reaches a level that precludes her from engaging in any activity. Indeed, Hargis testified that she rarely stays in bed all day and tries to "keep [herself] busy," which is inconsistent with someone who suffers from a totally debilitating impairment. (*Id.* at 48.) The ALJ's interpretation of the evidence is reasonable. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) ("Although the evidence of [the claimant's] daily activities may also admit of an interpretation more favorable to [the claimant], the ALJ's interpretation was rational, and we must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.") (internal quotation marks and alterations

---

[3] Hargis does not challenge the other two reasons cited by the ALJ for discounting her testimony, but simply claims the ALJ must consider pain and fatigue testimony. Here, the ALJ considered Hargis' statements regarding pain and fatigue, but discredited them based on the objective medical evidence in the record, none of which Hargis disputes.

- 8 -

1 omitted).

2 In addition, contrary to Hargis' argument, the ALJ was not precluded from considering Hargis' testimony regarding her daily activities only if they are transferable to the work environment. Daily activities may be considered by an ALJ in making a credibility determination if they are inconsistent with the claimant's other testimony or if they evidence transferable work skills. *See Orn*, 495 F.3d at 639. In other words, "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting," this may lead to an adverse credibility determination. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 2007). The ALJ made no such finding here, nor was she required to do so.

In sum, the Court finds the ALJ provided specific, clear, and convincing reasons for discounting Hargis' credibility regarding the severity of her symptoms, and that those reasons are supported by substantial evidence. *Vasquez*, 572 F.3d at 591.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 3rd day of March, 2016.

Douglas L. Rayes
United States District Judge